IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN TUAKALAU,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER on § 2255 PETITION<br><br><br>**Civil Case No. 2:12-CV-46-TC**<br>Criminal Case No. 2:08-CR-431-TC |

John Tuakalau has filed a petition under 28 U.S.C. § 2255 to withdraw his guilty plea in case number 2:08-cr-431. Mr. Tuakalau, proceeding *pro se*, raises two arguments. First, Mr. Tuakalau claims that he received ineffective assistance of counsel. He contends that "at the time that [he] plead guilty [his] attorney knew about an upcoming RICO indictment that would use [his] guilty plea againts [sic] [him] but never told [him]." (Mot. Vacate (Dkt. No. 1) at 5.) Second, Mr. Tuakalau claims that the Government breached the plea agreement because "the Government knew that they would use [Mr. Tuakalau's] plea of guilty againts [sic] [him] in an upcoming RICO indictment," but never told him. (Id. at 6.)

The court recognizes that *pro se* litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient standard, the court concludes that Mr. Tuakalau's petition must be denied because, as discussed below, his petition is untimely.

# BACKGROUND[1]

On July 2, 2008, Mr. Tuakalau was indicted in case number 2:08-cr-431 and charged with sixteen counts. Mr. Tuakalau entered into a plea agreement with the United States on October 2, 2008. Under the plea agreement, Mr. Tuakalau pled guilty to Counts V (Hobbs Act robbery), IX (Hobbs Act robbery), X (18 U.S.C. § 924(c)), XVII (Hobbs Act robbery), and XXIII (Hobbs Act robbery). In exchange, the Government agreed that Mr. Tuakalau's plea could be a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and agreed to a sentence of thirty years. When Mr. Tuakalau was sentenced on January 26, 2009, the court accepted the Rule 11(c)(1)(C) stipulation and sentenced him to thirty years. All other charges were dismissed.

On May 6, 2010, the Government filed the Second Superseding Indictment in the RICO action, case number 2:08-cr-758. Mr. Tuakalau was charged in Count I with racketeering conspiracy, which included eight overt acts committed by Mr. Tuakalau. The crimes listed as overt acts were the basis for charges against Mr. Tuakalau in the 2:08-cr-431 case; there, Mr. Tuakalau pled guilty to the crimes listed in four of the overt acts and the crimes listed in the other four had been dismissed as part of his plea agreement.

In August 2011, Mr. Tuakalau's Co-Defendant Viliami Loumoli filed a combined Motion to Withdraw his Plea of Guilty in case numbers 2:08-cr-431 and 2:08-cr-499 and a Motion to Dismiss case number 2:08-cr-758 (Dkt. No. 717 in 2:08-cr-758).[2] Mr. Loumoli raised three

---

[1] The facts in the background section are taken from information contained on the docket in case numbers 2:08-cr-431 and 2:08-cr-758 and are meant only to provide context for the court's analysis.

[2] The motion was initially filed by Mr. Loumoli as a *pro se* motion. On August 1, 2011, Mr. Loumoli sent a letter to the court regarding his belief that, in light of the RICO action, 2:08-cr-758, his plea of guilty in two separate cases, 2:08-cr-431 and 2:08-cr-499, violates his

arguments: 1) that he is entitled to withdraw his guilty plea in case numbers 2:08-cr-431 and 2:08-cr-499 because of the Government's breach of those plea agreements; 2) that the RICO action (2:08-cr-758) must be dismissed as a result of the Government's breach of the plea agreements in case numbers 2:08-cr-431 and 2:08-cr-499; and 3) that the RICO action must be dismissed because of double jeopardy.  Mr. Tuakalau joined this motion and moved to withdraw his guilty plea in case number 2:08-cr-431.  Shortly after, the Government dismissed Mr. Tuakalau and Mr. Loumoli from the RICO action (Dkt. No. 1204 in 2:08-cr-758).

The court held a status conference on December 1, 2011, in case number 2:08-cr-758, during which counsel for Mr. Tuakalau represented that the Motion to Dismiss was moot in light of the Government's dismissal of the charges against Mr. Tuakalau.  Mr. Loumoli addressed the court personally, stated that he still wished to withdraw his plea of guilty in the 2:08-cr-431 and 2:08-cr-499 cases, and asked the court to consider his and Mr. Tuakalau's motions.  The court issued an order (Dkt. No. 1222 in 2:08-cr-758) directing Mr. Tuakalau and Mr. Loumoli to re-file their motions to withdraw their pleas as petitions under 28 U.S.C. § 2255 if they so chose.  The court informed them of the effect of filing a § 2255 petition—that any subsequent petition would be subject to the restrictions on second or successive petitions.  Mr. Tuakalau then filed this § 2255 petition on December 20, 2011.

## ANALYSIS

Mr. Tuakalau's petition must be denied because it is time-barred.  Petitions filed under

---

constitutional rights.  The court treated the letter as a motion to withdraw the plea of guilty in those two cases and ordered the Government to respond.  Shortly after, counsel for Mr. Loumoli filed the combined Motion to Withdraw and/or Motion to Dismiss.

§ 2255 are subject to a one-year period of limitations. 28 U.S.C. § 2255(f). The time begins to run from the latest of several dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id.

Here, Mr. Tuakalau's Judgment of Conviction was entered on February 2, 2009. Under Federal Rule of Appellate Procedure 4(b), Mr. Tuakalau had ten days from February 2, 2009 (excluding weekends and holidays), or until February 16, 2009, to appeal his conviction. He did not appeal. Accordingly, his Judgment of Conviction became final on February 16, 2009, when his time for filing a notice of appeal expired.

Mr. Tuakalau explained that his § 2255 petition was filed more than a year after his Judgment of Conviction became final because his "arguments did not come up until the RICO case came up." (Mot. Vacate (Dkt. No. 1) at 13.) Then he "found out that [his] attorney witheld [sic] information. And the Government did not breach [the] plea agreement till [sic] after one year." (Id.)

Mr. Tuakalau contends that he was not aware of the basis of his petition—the Government's alleged breach—until after the one-year period had passed. But under § 2255, the one-year period of limitations began to run on June 2, 2010, the date Mr. Tuakalau was arraigned on the Second Superceding Indictment in the RICO action, case number 2:08-cr-758. At that point, Mr. Tuakalau either became aware of the facts supporting his claim that the Government breached the plea agreement or could have discovered those facts. Accordingly, Mr. Tuakalau could have brought a § 2255 petition to set aside his plea anytime between June 2, 2010, and June 2, 2011. Mr. Tuakalau did not file this § 2255 petition until December 20, 2011, more than

six months after the one-year period ended.[3]  Because Mr. Tuakalau did not file his petition within one year from the date he became aware of the Government's alleged breach, his petition is barred and must be denied.

  SO ORDERED this 20th day of January, 2012.

            BY THE COURT:

            */s/ Tena Campbell*
            TENA CAMPBELL
            United States District Judge

---

[3] Even if the court were to relate Mr. Tuakalau's petition back to August 1, 2011, the date Mr. Loumoli filed his *pro se* motion, the petition would still be untimely: August 1, 2011, is more than two months after the one-year period ended.  Because the August 1, 2011, date is outside of the one-year period, the court need not consider whether to relate Mr. Tuakalau's § 2255 petition back and, if it were to do so, which date the court should use: August 1 or August 18, 2011, the date Mr. Tuakalau joined Mr. Loumoli's combined Motion to Withdraw and Motion to Dismiss.